IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, and CHICAGO TILE INSTITUTE PENSION PLAN, <br><br>          Plaintiffs, <br><br>          v. <br><br>SHAMROCK TILE & MARBLE, LLC. and JOHN BARRETT, individually, <br><br>          Defendants. | CIVIL ACTION <br><br>FILED <br>JUNE 2, 2008   YM <br>08CV3152 <br>JUDGE LEINENWEBER <br>MAGISTRATE JUDGE BROWN |

## C O M P L A I N T

Plaintiffs, the CHICAGO TILE INSTITUTE PENSION PLAN, et al., by their attorneys, MICHAEL J. MCGUIRE and the law firm of GREGORIO & ASSOCIATES, complain of SHAMROCK TILE & MARBLE, LLC. and JOHN BARRETT, and allege as follows:

1.     This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA").  Jurisdiction is founded on the existence of questions arising thereunder.

2.     The CHICAGO TILE INSTITUTE PENSION PLAN and the CHICAGO TILE INSTITUTE WELFARE PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 67, (hereinafter referred to as the "Union").

3.     The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4.     The Trust Funds are administered at 725 E. Irving Park Road, Suite B, Roselle, IL

5.     The Defendant, SHAMROCK TILE & MARBLE, LLC. (hereafter referred to as "Shamrock"), is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. **(Exhibit A)**. The CBA binds Shamrock to the terms of the Trust Agreement which created the Trust Funds.

6.     The Defendant, John Barrett, is the owner of Shamrock who agreed to be personally liable as an Employer for the dues and benefit liability of Shamrock**. (Exhibit B)**.

7.     The CBA and Trust Agreement requires Shamrock to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendants are required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

8.     The CBA and Trust Agreement provides that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

9.     The Defendants breached the provisions of the CBA and Trust Agreement by failing to submit contributions for the months of January 2008 through April 2008, and by failing to submit reports and contributions for the month of May 2008.

10.    As a result of said breaches, the Defendants are also liable to the plaintiff for the following ancillary damages:

        a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

      b.  liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

      c.  double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiff prays:

    A.  That the Defendants be ordered to submit contributions for the months of January 2008 through May 2008, and a report for May 2008;

    B.  That the Defendants be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B).

    C.  That the Defendants be ordered to pay liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C).

    D.  That the Defendants be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

    E.  That Plaintiffs have such other and further relief as the Court deems just and equitable.

                                                  BY:   s/ Michael J. McGuire  
                                                                  Michael J. McGuire

Michael J. McGuire  
ARDC #: 6290180  
Gregorio & Associates  
Attorney for Plaintiffs  
2 North LaSalle Street  
Chicago, IL 60602  
(312) 263-2343

# MEMORANDUM OF AGREEMENT

THIS AGREEMENT MADE AND ENTERED INTO BY AND BETWEEN:

**SHAMROCK TILE & MARBLE** Address **703 SERENDIPTY**
**01-0903997**           **AURORA, IL. 60504**
**224-234-8802**

herein called the "EMPLOYER," and Ceramic Tile, Terrazzo, & Granite-Cutters Union, Local No. 67-Illinois of the International Union of Bricklayers and Allied Craftsmen, AFL-CIO, herein called the "UNION."

In consideration of the mutual promises made to each other, the parties hereby agree as follows:

1. The EMPLOYER hereby recognizes the UNION as the sole and exclusive collective bargaining representative for and on behalf of employees of the EMPLOYER who are now or are hereafter employed within the territorial and occupational jurisdiction of the UNION.

2. The parties adopt and the EMPLOYER agrees to be bound by the terms and provisions of a collective bargaining agreement dated JUNE 1, 2004, between the UNION and the CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO (Master Agreement), a copy of which agreement is attached hereto and made a part hereof and the receipt of which is hereby acknowledged by the EMPLOYER.

3. This Memorandum Of Agreement shall remain in effect until the expiration of the Agreement adopted by reference, (Master Agreement) including any amendments or extensions thereto. The parties further agree that this Memorandum Of Agreement shall remain in effect from contract to contract thereafter and the parties specifically adopt any subsequent or successor Agreement entered into between the UNION and the aforesaid CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO after the expiration date of the Agreement adopted by reference (Master Agreement) as aforesaid, unless written notice of termination or amendment is given in the manner provided below.

4. Either party desiring to amend or terminate this Memorandum Of Agreement must notify the other in writing at least sixty (60) days prior to the expiration of the then existing Agreement adopted herein by reference (CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO - Master Agreement).

5. The EMPLOYER agrees to be bound by and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Chicago Tile Institute Welfare Trust, Chicago Tile Institute Pension Trust, Chicago Tile Institute Promotion Fund, Ceramic Tile Apprenticeship Trust, Ceramic Tile and Terrazzo Local 67 B.A.C Annuity Trust, Bricklayer and Trowel Trades International Pension Fund, International Masonry Institute, and Ceramic Tile, Terrazzo & Granite-Cutters Union Local No.67; as amended and as the same may hereafter be amended or restated from time to time, as though the same were fully incorporated herein. EMPLOYER agrees to make prompt payments to each of the above funds of the hourly contribution specified in the Master Agreement and all successor agreements to which employer becomes bound. The EMPLOYER hereby accepts and ratifies the appointment of the present Employer Trustees of the Funds and their Successor Employer Trustees as its representative.

6. EMPLOYER agrees to furnish UNION with certificate covering liability under the Illinois Workers' Compensation Act and the Illinois Occupational Disease Act.

7. EMPLOYER agrees to furnish UNION with a surety bond to insure prompt payment of wages, health and welfare fund contributions, pension fund contributions, apprentice training fund contributions and annuity fund contributions in amount and according to the provisions of the Master Agreement adopted by reference herein.

8. This agreement shall not be operative during any period when the EMPLOYER is a member in good standing of the CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO.

IN WITNESS WHEREOF, the parties have executed this agreement dated this **27** day of **JULY**, 200**7**.

EMPLOYER: **SHAMROCK TILE & MARBLE**          CERAMIC TILE, TERRAZZO and GRANITE-CUTTERS
                                               UNION LOCAL No. 67-IL
(Sign) By: _____                   (Sign) By: _____
(Print) By: **John H. Bassett**                (Print) By: **EDWARD JUERGENSEN**

EXHIBIT A

08CV3152
JUDGE LEINENWEBER  YM
MAGISTRATE JUDGE BROWN

## Member/Contractor Agreement

THIS MEMBER/CONTRACTOR AGREEMENT ("Agreement") is made and entered into this _22_ day of _July_ 20_07_, between the Member, _John H Barrett_, (hereafter referred to as "Member") and the Ceramic Tile Layers, Terrazzo Workers, Terrazzo Finishers and Granite Cutters Union Local # 67 (hereafter referred to as "Local 67").

### Recitals

WHEREAS, Member is a member in good standing with Local 67 and wishes to maintain said membership and either become a contractor or have an interest in a contractor that is to be signatory to a Collective Bargaining Agreement ("CBA") with Local 67;

WHEREAS, the name of this contractor is _Shamrock Tile + Marb_ (hereafter referred to as "Contractor") and the CBA requires Contractor to submit monthly contributions assessments to certain Trust Funds identified in the CBA and to Local 67 (hereafter referred to as "Union Financial Obligations");

WHEREAS, Local 67 reasonably feels insecure about the payment of future Union Financial Obligations by Contractor and Member offers this agreement to induce Local 67 to sign a CBA with Contractor; and

WHEREAS, member understands and agrees that if Contractor fails to pay the Union Financial Obligations, Member will have acted to the serious detriment of Local 67, publicly dishonored Local 67, and breached the CBA.

### Terms

1. **Recitals.** The parties hereto adopt the foregoing recitals and affirm that the construction of this Agreement shall be guided thereby.

2. **No Coercion.** The parties hereto agree that this Agreement is entered into voluntarily and without undue influence, coercion or duress and that each of the parties hereto has had the opportunity to consult with counsel prior to its execution.

3. **Personal Liability.** The undersigned individual shall be deemed an Employer under E.R.I.S.A. and shall be personally liable, jointly and severally, with Contractor for the Union Financial Obligations. This liability shall be treated the same as a dues obligation under Local 67's Constitution and By-Laws that is owed to Local 67.

4. **Entire Agreement.** This is the entire Agreement between the parties that supersedes all prior and contemporaneous agreements, if any, between the parties relating to the subject matter hereof. In the event that any provision of this Agreement is found to be invalid or unenforceable, the remaining provisions shall not be affected.

5. **Execution of the Document.** Each of the undersigned has read this Agreement, understands its contents, and is authorized to sign on behalf of the entities listed below. This document may be signed in separate counterparts that will have the same effect as if signed on one document.

6. **Good Standing.** Member understands, consents and agrees that if he defaults on his guarantee, or, is delinquent on his payment of Union Financial Obligations that he will not be a Member in Good Standing and may be subject to Expulsion from the Union unless and until such time as he makes good on his guarantee or Contractor pays the Union Financial Obligations to the appropriate party.

By: _John H Barrett_
    Member

EXHIBIT
B
Blumberg No. 5208